940261

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CAMERON INDUSTRIES, INC.,

                              Plaintiffs,

        -against-

B. BOSTON & ASSOCIATES, INC.,

                              Defendant.
------------------------------------------------------------------x

1:07-cv-08334-AKH

ANSWER

Filed by ECF on
November 16, 2007

The Defendant, B. Boston & Associates, Inc. ("Boston") for its Answer and Affirmative Defenses to the Complaint of the Plaintiff, Cameron Industries, Inc. ("Cameron"), states as follows:

## JURISDICTION

1. Boston admits only that Cameron alleges various causes of action under Title 17 of the United States Code.  Boston also admits that this Court has subject matter jurisdiction over the claims arising under the United States Copyright Laws, but denies the remaining allegations of paragraph 1.

## THE PARTIES

2. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and, therefore, denies those allegations.

3. Boston admits that it is a corporation with offices at 2945 East 12th Street, Los Angeles, CA 90023 and 1407 Broadway, New York, NY 10018, but denies the remaining allegations of paragraph 3.

## FIRST CAUSE OF ACTION

### PLAINTIFF'S COPYRIGHTED WORK

4. Boston denies this allegation.

5. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and, therefore, denies those allegations.

6. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, denies those allegations.

7. Boston denies this allegation.

8. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, therefore, denies those allegations.

9. Boston denies these allegations.

10. Boston denies this allegation.

11. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, denies those allegations.

12. Boston denies these allegations.

13. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and, therefore, denies those allegations.

14. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and, therefore, denies those allegations.

15. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and, therefore, denies those allegations.

16. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, therefore, denies those allegations.

17. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, therefore, denies those allegations.

18. Boston denies these allegations.

19. Boston denies this allegation.

20. Boston denies this allegation.

21. Boston denies this allegation.

22. Boston denies this allegation.

23. Boston denies this allegation.

24. Boston denies these allegations.

25. Boston denies these allegations.

## SECOND CAUSE OF ACTION

26. Boston incorporates its responses above to the allegations of paragraphs 1 – 25 of this complaint as though set forth fully herein.

**PLAINTIFF'S COPYRIGHTED WORK**

27. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, therefore, denies those allegations.

28. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and, therefore, denies those allegations.

29. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and, therefore, denies those allegations.

30. Boston denies these allegations.

31. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and, therefore, denies those allegations.

32. Boston denies these allegations.

33. Boston denies these allegations.

34. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and, therefore, denies those allegations.

35. Boston denies these allegations.

36. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and, therefore, denies those allegations.

37. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and, therefore, denies those allegations.

38. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and, therefore, denies those allegations.

39. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and, therefore, denies those allegations.

40. Boston lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and, therefore, denies those allegations.

41. Boston denies these allegations.

42. Boston denies these allegations.

43. Boston denies these allegations.

44. Boston denies these allegations.

45. Boston denies these allegations.

46. Boston denies these allegations.

47. Boston denies these allegations.

48. Boston denies these allegations.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted, the Defendant, Boston, avers and asserts the following Affirmative Defenses to the Complaint of Plaintiff, Cameron.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's purported copyrighted works are not original and lack the originality necessary to establish protection under law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, estoppel, copyright misuse and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

The conduct of Boston does not warrant the equitable relief sought by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury of which Boston's conduct is the proximate cause.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are speculative, and thus not recoverable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant B. Boston & Associates, Inc. pray that the Court enter judgment in its favor and against Plaintiff, including:

1. That Plaintiff take nothing by its Complaint;

2. For judgment dismissing Plaintiff's Complaint;

3. That Boston be awarded its reasonable attorney's fees in the defense of this action;

4. For an assessment of cost against Plaintiff; and

5. For such other relief as the Court may deem just.

Dated:     New York, New York
           November 16, 2007

                              KLEINBERG & LERNER, LLP
                              s/_____
                              Philip L. Nulud (Admitted Pro Hac Vice)
                              Marshall A. Lerner (Admitted Pro Hac Vice)
                              Attorneys for Defendant
                              2049 Century Park East, Suite 1080
                              Los Angeles, CA 90067
                              (310) 557-1511

                              Thomas A. Catalano (tc-1625)
                              LESTER SCHWAB KATZ & DWYER, LLP
                              Attorneys for Defendant
                              120 Broadway
                              New York, New York  10271
                              (212)  964-6611

TO:
Jed Schlacter (JRS-4874)
SCHLACTER & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue
New York, New York 10123
(212) 695-2000